UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WELLS FARGO BANK,<br>    Plaintiff,<br>  v.<br>GARY ROBINSON, et al.,<br>    Defendants. | Case No. 14-cv-05532-MEJ<br><br>**ORDER TO SHOW CAUSE** |

  On December 18, 2014, Defendant Eugenia Castaneda removed this unlawful detainer action from Alameda County Superior Court. However, an unlawful detainer action does not arise under federal law but is purely a creature of California law. *Wells Fargo Bank v. Lapeen*, 2011 WL 2194117, at *3 (N.D. Cal. June 6, 2011); *Wescom Credit Union v. Dudley*, 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010). Thus, it appears that jurisdiction is lacking and the case should be remanded to state court. Accordingly, the Court ORDERS Defendant Eugenia Castaneda to show cause why this case should not be remanded to the Alameda County Superior Court. Defendant shall file a declaration by January 2, 2015, and the Court shall conduct a hearing on January 15, 2015 at 10:00 a.m. in Courtroom B, 15th Floor, 450 Golden Gate Avenue, San Francisco, California. In the declaration, Defendant must address how this Court has jurisdiction over the unlawful detainer claim.

  Defendant should be mindful that an anticipated federal defense or counterclaim is not sufficient to confer jurisdiction. *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 10 (1983); *Berg v. Leason*, 32 F.3d 422, 426 (9th Cir. 1994). "A case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly

1  at issue in the case." *ARCO Envtl. Remediation, LLC v. Dep't of Health and Envtl. Quality of the*
2  *State of Montana*, 213 F.3d 1108, 1113 (9th Cir. 2000); *see also Valles v. Ivy Hill Corp.*, 410 F.3d
3  1071, 1075 (9th Cir. 2005) ("A federal law defense to a state-law claim does not confer
4  jurisdiction on a federal court, even if the defense is that of federal preemption and is anticipated
5  in the plaintiff's complaint."). Thus, any anticipated defense, such as a claim under the Protecting
6  Tenants at Foreclosure Act, Pub.L. No. 111–22, § 702, 123 Stat. 1632 (2009), is not a valid
7  ground for removal. *See e.g. Aurora Loan Serv., LLC v. Montoya*, 2011 WL 5508926, at *4 (E.D.
8  Cal. Nov. 9, 2011); *SD Coastline LP v. Buck*, 2010 WL 4809661, at *2–3 (S.D. Cal. Nov.19,
9  2010); *Wescom Credit Union v. Dudley*, 2010 WL 4916578, at 2–3 (C.D. Cal. Nov. 22, 2010);
10 *Aurora Loan Serv., LLC v. Martinez*, 2010 WL 1266887, at * 1 (N.D. Cal. March 29, 2010).

**IT IS SO ORDERED.**

Dated: December 19, 2014

_____
MARIA-ELENA JAMES
United States Magistrate Judge